SHARPE *v*. STATE LAND OFFICE BOARD.

1. TAXATION—SCAVENGER SALE—OFFERINGS.
   Under the State land office board act but one offering at a so-called scavenger sale is required, the act being silent as to re-offerings where no bid is made at the sale (Act No. 155, § 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939).

2. SAME—SCAVENGER SALE—SUBSEQUENT AUCTION—MATCHING HIGH
   BID.
   Under the State land office board act after an ineffective
   scavenger sale offering has been held by the board, property
   has been appraised and thereafter sold at public auction, pur-
   suant to section of the act designed to get the land back on
   the tax roll, the former owner from whom title had passed to
   State for nonpayment of taxes would not be entitled as a
   matter of right to match the high bid where the rules of the
   board do not provide therefor (Act No. 155, §§ 7, 8, Pub. Acts
   1937, as amended by Act No. 244, Pub. Acts 1939).

Petition by Harry S. Sharpe for a writ of manda-
mus to compel the State Land Office Board to accept
the offer of plaintiff to purchase property formerly
owned by him. Frank G. Mixter and wife added as
parties defendant. Submitted June 29, 1943. (Cal-
endar No. 41,584.) Writ denied September 7, 1943.

*Aladar H. Hamborsky,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund
E. Shepherd,* Solicitor General, and *Peter E. Bradt,*
Assistant Attorney General, for defendant State
Land Office Board.

*Frank G. Mixter* (*Guiney & Guiney,* of counsel),
for defendants Mixter.

WIEST, J. For several years plaintiff did not pay
the taxes on his home property in Lincoln Park,
Wayne county, and at the tax sale for such delin-
quencies, there being no bidders, title vested in the
State. At the subsequent so-called scavenger sale
there were no bidders. Thereupon the property was
appraised and put up for sale under the provisions
of Act No. 155, § 8, Pub. Acts 1937, as amended by
Act No. 244, Pub. Acts 1939 (Comp. Laws Supp.
1940, § 3723-8, Stat. Ann. 1940 Cum. Supp. § 7.958),
and defendants Mixter bid the appraised value and
became the purchasers under land contract.

Plaintiff claims the property should have been put up at a second scavenger sale under which he would have right to match the highest bid and, therefore, he now has the right upon tender made to meet the bid of defendants Mixter, and in this original proceeding he seeks our writ of mandamus so directing the State land office board.

Decision turns upon construction to be given sections 7 * and 8 of the mentioned act. Section 7 is the so-called scavenger sale provision. It requires one offering but is silent as to re-offerings. Section 8 expresses the purpose of getting land held by defendant board back on the tax roll as speedily as possible and provides for an appraisal, after an ineffective scavenger sale offering, under rules by the board to carry out such purpose. The property was sold at public auction under section 8 to defendants Mixter. Within 30 days after such sale plaintiff sought to match the bid and offered tender but was not permitted to do so. Section 7 had served its purpose before section 8 entered its allotted field, and to carry over to section 8 the provisions of section 7 relative to matching bids may not be done. Under section 8 a private sale at the appraised value could have been made by the defendant board and, if so made, there could, of course, be no such thing as matching the sale price. It does not appear that the rules of the board have operated to the detriment of plaintiff upon the issue here involved.

The writ of mandamus is denied, with costs to defendants Mixter.

Boyles, C. J., and Chandler, North, Starr, Butzel, Bushnell, and Sharpe, JJ., concurred.

* Act No. 155, § 7, Pub. Acts 1937, was amended by Act No. 244, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3723–7, Stat. Ann. 1940 Cum. Supp. § 7.957).—Reporter.